```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**ALAN W. KINGSLEY,**

                      Petitioner,

        v.                             CASE NO. 05-3010-SAC

**DAVID R. McKUNE, et al.,**

                      Respondents.

<u>**MEMORANDUM AND ORDER**</u>

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2254 upon payment of the fee by an inmate of the Lansing Correctional Facility, Lansing, Kansas (LCF). An order issued requiring respondents to show cause why the writ should not be granted, and respondents filed a motion to dismiss to which petitioner has responded. Having considered all the materials filed, the court finds as follows.

<u>**PROCEDURAL HISTORY**</u>

Petitioner Kingsley was convicted by a jury in 1991 in the District Court of Sedgwick County, Kansas, of murder and other offenses, and sentenced to multiple sentences with maximums of life imprisonment. Petitioner's Appendix C is the opinion of the Kansas Supreme Court on direct appeal published at <u>State v. Kingsley</u>, 851 P.2d 370 (Kan. 1993). Therein, the court remanded for re-sentencing for conviction of the lesser included offense of arson, after finding there was insufficient evidence to support his conviction of aggravated arson. Petitioner was re-sentenced on April 27, 1993. Petitioner

mainly claims his Sixth Amendment right to effective assistance of counsel was violated. He alleges he raised this claim by a petition pursuant to K.S.A. 60-1507 filed in the Sedgwick County District Court on February 21, 2002, which was denied without an evidentiary hearing in June, 2002. He appealed the denial to the Kansas Court of Appeals (KCOA), which affirmed the denial by opinion dated April 2, 2004.

Petitioner attaches the 2004 Memorandum Opinion of the KCOA, as "Appendix A" to his Petition. The facts stated therein include:

> In 1991, . . . Kingsley was convicted of premeditated first-degree murder, aggravated robbery, aggravated arson, and forgery. He was sentenced to a controlling sentence of 65 years to life. This is one of his several K.S.A. 60-1507 motions, collaterally attacking his convictions and sentences.

Kingsley v. State of Kansas, No. 90,133, at *1-2 (KCOA April 2, 2004, unpublished). The KCOA further stated:

> There was only one witness who testified against appellant, and that was his wife, Sherri. According to Sherri, appellant told her he had tried to strangle his landlady, but she would not die, so he used a vase to knock her out and then used two or three different knives to slice her throat and stab her. Then, apparently not yet satisfied with the job, he moved her to her bedroom, made it look like she was raped, and set her house on fire.
> The issue at trial was who killed the landlady. Appellant insisted his wife Sherri had done so, and she insisted he had done so. The authorities and the trial judge agreed with Sherri and convicted appellant.

Id. at *2.

The KCOA described Kingsley's direct appeal:

> On direct appeal, the Kansas Supreme Court affirmed (Kingsley's) convictions for first-

>degree murder, aggravated robbery, and forgery, but reversed the conviction and sentence for aggravated arson. The case was remanded for sentencing on the arson conviction. See State v. Kingsley, 252 Kan. 761, 851 P.2d 370 (1993). Appellant was convicted of arson on remand and his sentence was increased albeit to run concurrently with the sentence already given. Appellant has filed a number[1] of 60-1507 appeals of which this is the latest.

Id. at *2. The KCOA discussed Kingsley's claims that (1) "the trial court failed to provide sufficient findings of fact and conclusions of law in its journal entry;" (2) the trial court ruled without holding an evidentiary hearing, and (3) counsel was," which it called his "principle issue." The court found "the trial judge wrote an order denying relief pursuant to K.S.A. 60-1507 explaining his decision in this case," which "is particularly specific on the issue of ineffective assistance of counsel." They stated, "we agree with the comments and findings of the trial court in its order and adopt them as if they were our own." Id. at *5. Kingsley filed a Petition for Review in the Kansas Supreme Court, which was denied on May 25, 2004.

**CLAIMS**

As ground (1) in his 2254 Petition, Kingsley claims that defense counsel failed prior to trial to "fully investigate." He alleges in the same sentence that "counsel was aware (his) wife Sherri Kingsley had been granted immunity . . . in exchange for her testimony against" Kingsley. He also alleges counsel "was aware that Sherri Kingsley is left-handed" while petitioner

---

[1] Respondent and petitioner agree that the KCOA's statements to the effect that Kingsley had filed a number or several 1507 motions, was incorrect.

3

"is right-handed," and that "according to the coroner's testimony" a left-handed person "inflicted knife wounds/stabbed" the victim. Petitioner asserts that "had his trial counsel submitted this evidence to the jury a different result" was "probable." Petitioner did not raise this claim on direct appeal, but only in his 1507 petition.

As ground 2, petitioner claims the state district court denied his due process right to a fair trial and his Sixth Amendment right to counsel during his criminal prosecution in that it overruled his motions for a new trial without appointing counsel. Petitioner alleges he raised this issue on direct appeal and in his 1507 petition. He received an evidentiary hearing on this claim, and appealed its denial to the Kansas Supreme Court.

As ground 3, petitioner claims the district court abused its discretion by admitting certain autopsy photographs of the victim and a large poster board "bearing the victim's blood soaked clothing." He asserts this evidence was "unduly prejudicial and fundamentally unfair because those exhibits were repetitious." The evidence was objected to at trial, but he alleges the trial court "failed to even consider counsel's objections" and that his trial was not fair as a result. Petitioner raised this claim on direct appeal, but did not raise it in his 1507 petition.

As ground 4, petitioner claims the trial court's "mid-deliberation instruction on premeditation denied due process" and his constitutional right to equal protection of the laws.

4

In support he argues the instruction was "a misstatment (sic) of Kansas law." Petitoner alleges he raised this claim on direct appeal, and not in his 1507 petition.

As ground 5, petitioner claims he was denied his right to an impartial jury "by purposeful exclusion of two prospective black jurors" by the prosecutor "without adequate race-neutral reason." He alleges he raised this claim on direct appeal, and not by 1507 petition.

As ground 6, petitioner claims he was denied due process by the "trial court's denial of an evidentiary hearing" on his 1507 petition. In support, he alleges the "journal entry is deficient as to the trial court's findings on the record," and the "State failed to include findings as to deficiency of counsel" and "bribery and known false testimony of petitioner's wife." Petitioner could not have raised this claim on direct appeal, but raised it in his 1507 petition (02-C-671).

As ground 7, petitioner claims that the KCOA "denied due process by affirming district court on erroneous presumption of facts." In support, he alleges the KCOA "made an erroneous assumption of the facts and denied relief based on successive" 1507 action, when he "only filed one 60-1507 motion." Petitioner could not have raised this on direct appeal, but did raise it in his 1507 petition (02-C-671).

**LEGAL STANDARDS**

Under 28 U.S.C. 2244(d)(1) a person in custody pursuant to a state court judgment has a one-year period from the date

5

his convictions become "final" in which to file a 2254 petition in federal court. This limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). The limitations period may also be subject to equitable tolling; however, the burden is on the petitioner to show that "extraordinary circumstances prevented him from filing his petition on time." Petitioner's pro se allegations are liberally construed as generally claiming he is entitled to equitable tolling.

The Tenth Circuit Court of Appeals' explained equitable tolling in Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). They held that equitable tolling is warranted only in "rare and exceptional circumstances." Id., *quoting* Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999); Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir.), cert. denied, 531 U.S. 1035 (2000). To qualify for such tolling, petitioner must demonstrate that extraordinary circumstances beyond his control prevented him from filing his petition on time, and that he diligently pursued his claims throughout the period he seeks to toll. Gibson, 232 F.3d at 808; Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). For example, the Tenth Circuit has stated that equitable tolling is appropriate where a prisoner is actually innocent; when an adversary's conduct or other uncontrollable circumstances prevent a prisoner from timely filing; or when a prisoner actively pursues judicial remedies

6

but files a defective pleading during the statutory period. Gibson, 232 F.3d at 808; Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

**DISCUSSION**

Respondents, in answer to the court's order to show cause, filed a Motion to Dismiss[2] asserting this 2254 Petition was not timely filed. They note that nearly 5 years elapsed between the time the statute of limitations commenced in this case and when Kingsley filed his state 1507 petition. Since petitioner's conviction became final before the effective date of the statute of limitations, April 24, 1996, the limitations period commenced upon the effective date. Kingsley then had one year from that date, or until April 24, 1997, to file his federal petition. 28 U.S.C. 2244(d)(1). Respondents allege that according to the records of Sedgwick County District Court, petitioner filed nothing after his direct appeal was final in 1993 until February 25, 2002, when he filed a motion for habeas corpus relief pursuant to K.S.A. 60-1507 in Case No. 02-C-671. These facts are in accord with those alleged by petitioner in his pleadings.

Petitioner does not refute that he filed nothing which statutorily tolled the limitations period for nearly five years following its commencement. Thus, the only question is whether or not petitioner is entitled to equitable tolling. He alleges

---

[2] Respondents' Amended Motion to Dismiss is not substantially different from the original.

7

he was not made aware of AEDPA's time limit at the state prison. He argues this was an impediment by the State and implies he is entitled to equitable tolling as a result. Petitioner also states that the "Deputy Appellate Defender" advised him by letter that there was "no time limit as far as filing (a 2254) petition." He exhibits a copy of the letter from the Kansas Appellate Defender which clearly so states. He also alleges it would be a miscarriage of justice not to consider his claims.

The letter and advice from the Appellate Defender to petitioner was in 1993, long before passage of the AEDPA and the statute of limitations. The advice to petitioner was correct in 1993.

The circumstances alleged by petitioner, and that appear from his filings here and in state court, are not sufficiently analogous to circumstances which have been found by the Tenth Circuit to warrant equitable tolling. Instead, they are significantly similar to complaints about unfamiliarity with the legal process, and illiteracy, which have been found to provide no basis for equitable tolling. See Scott v. Johnson, 227 F.3d 260, 263 FN3 (5th Cir. 2000), cert. denied, 532 U.S. 963 (2001). Ignorance of the law generally and of the AEDPA time limit in particular will not excuse timely filing, even for an incarcerated pro se prisoner. Marsh, 223 F.3d at 1220; Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert denied, 525 U.S. 891 (1998); Gibson, 232 F.3d at 808. Nor does reliance upon another for legal assistance during state post-conviction proceedings relieve a petitioner from the personal responsibility of

8

complying with the federal statute of limitations.  Marsh, 223 F.3d at 1220; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir.), cert. denied, 528 U.S. 1007 (1999).  This court finds Kingsley has not demonstrated that extraordinary circumstances beyond his control prevented him from filing his federal habeas application in a timely manner.  The court further finds that Kingsley has not presented specific facts indicating steps he took to diligently pursue his claims throughout the period he needs to equitably toll.

Kingsley's conclusory claim of actual innocence is insufficient to entitle him to equitable tolling.  See Schlup v. Delo, 513 U.S. 298, 324 (1995)(to be credible, a petitioner must support allegations of innocence with "new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial").  The court concludes the Petition in this case was not timely filed, and petitioner has failed to meet his burden of showing that equitable tolling is warranted.

**IT IS THEREFORE BY THE COURT ORDERED** that respondents' Motion to Dismiss (Doc. 19) and Amended Motion to Dismiss (Doc. 20) are sustained, and this action is dismissed as time barred.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2005, at Topeka, Kansas.

<u>s/Sam A. Crow</u><br>
U. S. Senior District Judge